to be away from her work indefinitely, and therefore, by corollary, a right to come back whenever she pleased. She was given the absolute power to decide when she would return; the option rested with her alone. Of course, this depended upon her good faith. She would not be permitted to abuse the courtesy which had been extended to her. As soon as her health returned, it became her duty to return to the service. And she did so; that is, indicated a desire at least to do so. If there were no limitation or interpretation in the statute, the words "separation from the service" could never be held to include a leave of absence from the service. If the relator had a right at any minute to return to the service, she was no more separated from it than an employé is when on an ordinary two weeks vacation. The right to return in the latter case is fixed and definite; in the former case it is not fixed and is indefinite; but in each case there is the *right* to return, and therefore the employé is not separated from, but connected with, the service.

[3] There was no laches. The relator was persistent in her demand for reinstatement. The commissioner held her up from April 25, 1913, until January 5, 1914, without advising her as to his determination concerning her reinstatement, and then he only advised her after her lawyer had written. This is the first time the commissioner made absolute refusal to reinstate her. This was her first discovery of the wrong for which she seeks redress. She verified her petition in this action on the 25th of February following, and on the 2d of March instituted the proceeding.

The order of the Special Term should be reversed, and the writ should issue. All concur.

---

(87 Misc. Rep. 288)

CASTIGLIONE v. AUSTRO–AMERICANA S. S. CO., Limited.

(Supreme Court, Appellate Term, First Department. November 18, 1914.)

1. CARRIERS (§ 149½\*)—ACTION FOR INJURY TO GOODS—DEFENSES.
    In an action for injury to goods, the carrier may show that under the terms of the contract of carriage it was liable only for negligence.
    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 651–653, 660–662; Dec. Dig. § 149½.\*]

2. CARRIERS (§ 131\*) — ACTION FOR INJURY TO GOODS — SUFFICIENCY OF DENIAL.
    In an action against a carrier for injury to goods, alleging its general and specific negligence, separate defenses setting forth three clauses of the contract, which under appropriate circumstances would limit the liability to damages caused by negligence, and alleging the existence of conditions under which its liability was so limited, and affirmatively alleging that the damage, if any, occurred without negligence of defendant, its servants, or agents, were not allegations of fact inconsistent with the allegations of the complaint, but sufficiently denied that the damage was caused by its negligence.
    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 569–577, 593; Dec. Dig. § 131.\*]

3. PLEADING (§ 35*)—FACTS OR CONCLUSION—CLAIM AGAINST CARRIER.

In such action, the allegations of a separate defense that damages, if any, were not caused by the negligence of defendant, "or any one for whom it or the steamship may be responsible," if a conclusion of law, might be disregarded, where the allegations completely covered the negligence of all persons for whom defendant might be responsible.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 76–80; Dec. Dig. § 35.*]

4. CARRIERS (§ 131*)—ACTION FOR INJURY TO GOODS—SEPARATE DEFENSE—SUFFICIENCY.

In an action against a carrier for injury to goods by its negligence, allegations of separate defense that damages, if any, were not caused by its negligence, or by any person for whom it might be responsible, including the master, agents, and management of its ship, *held* good as against a demurrer.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 569–577, 593; Dec. Dig. § 131.*]

5. CARRIERS (§ 131*) — INJURY TO GOODS — POSITIVE OR ARGUMENTATIVE DENIAL.

A separate defense, merely alleging facts which defendant claimed sufficient to show a constructive delivery of the goods prior to any damage, and that they were thereafter at plaintiff's risk, was not sufficient as an affirmative defense, but was merely an argumentative denial of the allegations that the goods were not delivered and that they were damaged by the defendant's negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 569–577, 593; Dec. Dig. § 131.*]

Appeal from City Court of New York, Special Term.

Action by Paolo Castiglione against the Austro-Americana Steamship Company, Limited. From an order overruling his demurrer to certain defenses set up in the answer, plaintiff appeals. Modified and affirmed.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

Joseph Nicchia, of New York City (Geo. P. Foulk, of New York City, of counsel), for appellant.

Convers & Kirlin, of New York City (John M. Woolsey, of New York City, Charles T. Cowenhoven, Jr., of New Brunswick, N. J., and Robert S. Erskine, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff in his complaint has set forth two causes of action in which he alleges the delivery to the defendant as common carrier of certain goods and the failure of the defendant to deliver the goods "in the same condition in which the same had been received by it for delivery and in the condition in which the same was at the time of acceptance for transportation and carriage as aforesaid." Both causes of action also set forth allegations of negligence, both general and specific, which it is claimed caused the damage. The answer denies the allegations of the complaint, and then sets forth four alleged affirmative defenses. The plaintiff has demurred to each of these defenses, and now appeals from the order overruling these demurrers.

[1, 2] Since the complaint sets forth causes of action against the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant as a carrier, the carrier must be permitted to show that under the terms of the contract of carriage it was liable only for negligence. The first three separate defenses set forth three clauses of the contract, which under appropriate circumstances would limit the liability to damages caused by negligence. If these defenses also contain allegations sufficient to show that the appropriate circumstances existed, and that the damage, if any, was not caused by any negligence of any person for whom the defendant is responsible, then obviously the separate defenses are sufficient. All these separate defenses clearly allege that the conditions existed under which the defendant's liability was to be limited to responsibility for negligence; they all affirmatively state that the damage, if any, occurred after these circumstances arose; and they all fairly allege that it occurred without negligence on the part of the defendant, its servants, or agents. It is true that according to the strict and technical rules of pleading the allegations of negligence contained in the complaint should have been met by a direct denial, instead of by an affirmative allegation that:

"Any damages which the fruit may have suffered were not caused by, nor contributed to in any manner whatsoever by, any fault or negligence on the part of the steamship Virginia, her owner, the defendant, its agents, or servants, or any one for whom it or the steamship may have been responsible."

But in my opinion it would be straining even the strict and technical rules of pleading beyond all reason if we were to hold that these allegations were merely statements of facts inconsistent with the allegations of the complaint, and therefore constitute no denial. It seems to me that, fairly construed, these allegations contained in the affirmative defense are a sufficient denial of the allegation of the complaint that the damages were caused by the defendant's negligence. It is very frequently a very difficult matter for a pleader to determine whether to run the risk of having a denial, which he has incorporated in an affirmative defense, stricken out as unnecessary to his affirmative defense, or of having the defense attacked on the ground that it is insufficient without such a denial, and we should not add to these difficulties, by holding that, where a pleader affirmatively sets forth in a separate defense seeking to limit his liability to negligence that he has been guilty of no negligence which contributed to the damage, he yet has admitted such negligence by not directly denying the allegations of negligence as contained in the complaint.

[3, 4] It is also urged that the words, "or any one for whom it or the steamship may be responsible," is a conclusion of law. Conceding, for the sake of argument, that they are a conclusion of law, then we may disregard them. The defendant is obviously responsible for the negligence of its agents and servants, and is responsible for the negligence of no other persons. The agents and servants of the defendant necessarily in law include the master, agents, and managers of its ship, and the allegations of the separate defense, therefore, completely cover the negligence of all persons for whom the defendant might be responsible, even if we disregard the words to which objection is taken. It follows that the demurrers to the first three separate defenses were correctly overruled.

[5] It seems to me, however, that the demurrer to the fourth separate defense should have been sustained. Its affirmative allegations are clearly insufficient to meet the allegations of the complaint that the damage was caused by the defendant's negligence. It merely states facts which the defendant claims are sufficient to show a constructive delivery of the goods prior to any damage, and that the risk thereafter was the plaintiff's risk. Aside from the fact that it is, in my opinion, extremely doubtful whether, standing alone, this defense states sufficient facts to show that there was a constructive delivery, or that the goods thereafter were really at the consignee's risk, it is not an affirmative defense, but merely an argumentative denial of the allegations of the complaint that the goods were not delivered and that they were damaged by the defendant's negligence. It follows that the demurrer to this defense should have been sustained.

Order should be modified, to the extent of sustaining the demurrer to the fourth separate defense, and, as modified, affirmed, without costs to either party. All concur.