RENATO MONTVAL, Plaintiff, *v.* MUNSON STEAMSHIP LINE, Defendant.

City Court of New York, Kings County, October 7, 1932.

*A. H. Waisman,* for the plaintiff.

*Rumsey & Morgan,* for the defendant.

GEISMAR, J. Motion to strike out fourteen allegations of admissions and denials and likewise four separate allegations of affirmative defenses in the answer. The defendant contends, where the complaint states an allegation of only part of the facts, that in justice to himself he can neither unqualifiedly deny nor unqualifiedly admit, and must, therefore, qualify either a denial or an admission by affirmative matter which states from its standpoint, not merely a part but the whole of the facts. I sustain this contention under our liberal forms of pleading. At common law, a plea in confession and avoidance could not be accompanied with a denial, but the confession or admission was required " in order to give color to the plea." (*Brown* v. *Artcher,* 1 Hill, 266.) These rules are now abolished. (Code Proc. § 150, subd. 2; Code Civ. Proc. § 507; Civ. Prac. Act, § 262.) As to the defenses, the objections to them are predicated (1) on the ground that they are hypothetical, pleading that " if there was any damage; " and (2) that specifically one of them is in direct contravention of the Harter Act. (U. S. Code Annotated, tit. 46, on Shipping, §§ 190–195.) As to the first ground, I hold that there is no material difference between the phrases " if there was any damage " and " the damages, if any," this latter being a form of a pleading which is permissible and approved. The issues, so far as raised by the answer under the Harter Act, I hold to be questions of fact and not of law.

The motion is denied, with ten dollars costs. (*Hutchinson Land Co., Inc.,* v. *Whitehead Bros. Co.,* 127 Misc. 558, affd., 218 App. Div. 682; *Castiglione* v. *Austro-Americana S. Co.,* 87 Misc. 288.) Order signed.