FRED MEYERS, as President of Paper Box Makers Union, Local 299, International Brotherhood of Pulp, Sulphite & Paper Mill Workers of America, A. F. of L., an Unincorporated Association, et al., Respondents, v. HUSCHLE BROTHERS, INC., et al., Appellants.

First Department, December 22, 1947.

*Daniel F. Kelley* of counsel (*Nugent & Nugent,* attorneys), for appellants.

*George Rifkin* of counsel (*Ashe & Rifkin,* attorneys), for respondents.

*Per Curiam.* Special Term correctly struck out paragraphs X through XXVI of the answer, allowing defendant to plead over, for the reason that they are redundant, and that section 241 of the Civil Practice Act requires a pleading to contain a plain and concise statement of the material facts, even in an action for libel. Furthermore, the said material is insufficient in law if regarded as purporting to allege the defense of justification, since it is not clear that the answer intends to apply these statements about labor unions in general to the plaintiff union (*Larocque* v. *New York Herald Company,* 220 N. Y. 632).

In permitting the defendants to amend their answer, however, scope must be allowed to them to comply with the rules that in pleading justification the particular facts and circumstances constituting what is claimed to have been the truth must be set forth in some detail, and that a mere reiteration of the libelous words and the averment that they are true is insufficient (*Wachter* v. *Quenzer,* 29 N. Y. 547, 552; *Bingham* v. *Gaynor,* 203 N. Y. 27, 34), and that in pleading mitigation, the particular mitigating circumstances must themselves be stated, including the sources of defendants' information and the grounds for their belief, so as to show absence of actual malice (Civ. Prac. Act, § 338). This would also be true with respect to disproving the existence of actual malice under the defense of qualified privilege, except that where facts appear giving rise to a relationship resulting in qualified privilege, the burden of proof is upon the plaintiff to establish actual malice (*Byam* v. *Collins,* 111 N. Y. 143, 150; *Peeples* v. *State of New York,* 179 Misc. 272, 276; Seelman, Law of Libel and Slander [1933 ed.], par. 541).

The order so far as appealed from should be affirmed, with $20 costs and disbursements.

PECK, P. J., GLENNON, COHN, VAN VOORHIS and SHIENTAG, JJ., concur.

Order, so far as appealed from, unanimously affirmed, with $20 costs and disbursements.