Felix C. Benvenga, J.
Plaintiff in this libel action moves pursuant to rule 109 of the Rules of Civil Practice to strike out three affirmative defenses for alleged insufficiency.
The first defense is a complete defense, and pleads that the alleged libelous article is a fair and true report of a judicial proceeding and, therefore, privileged. The article relates to the alleged arrest and arraignment of the plaintiff on a charge of burglary. The defense, as pleaded, is sufficient as a matter of law (see Civ. Prac. Act, § 337), even though the article may have been embellished ‘1 with the fair and expectant comment of the story teller, who adds to the recital a little touch, of his piquant pen ” (Briardiff Lodge Hotel v. Citizen-Sentinel Publishers, 260 N. Y. 106, 119). The test is whether the article is substantially a true and fair report of the judicial proceeding (George v. Time, Inc., 259 App. Div. 324, 328, affd. 287 N. Y. 742). The assertion that plaintiff was found under a bed in the burglarized apartment does not add to or detract from the sting of the charge of burglary. The question still remains *185 whether the article is a fair and true report of the judicial proceeding or whether it contains libelous amplifications of what happened. That is a question for the jury; it does not affect the sufficiency of the complaint.
The first partial defense is a defense of partial truth. It merely realleges the allegations of the first complete defense, which, as has been pointed out, are not concerned with the truth of the statements contained in the alleged libelous publication. If the truth of some of the statements therein contained is relied on, the pleading should allege what is claimed to be the truth; a mere reiteration of the libelous words is insufficient (Civ. Prac. Act, § 339; Meyers v. Huschle Bros., 273 App. Div. 107, 109). In its present form, this defense is insufficiently pleaded.
The second partial defense is asserted in mitigation. It rests on the claim that the article is based on trustworthy information obtained from trustworthy persons; it does not, however, set forth the sources of defendant’s information and the grounds of its belief so as to show the absence of malice. It is thus insufficient (Civ. Prac. Act, § 338; Meyers v. Huschle Bros., supra; but see Goodrow v. New York Amer., 233 App. Div. 37, 39).
The motion is accordingly denied as to the first complete defense, but granted as to the first and second partial defenses, with leave to serve an amended answer within 10 days from service of a copy of this order with notice of entry.