Owen McGivern, J.
Plaintiff moves for multiple relief with respect to the answer of the corporate defendant. The complaint contains four causes in slander. The following numbered paragraphs correspond to the numbered paragraphs of the notice of motion, by each of which plaintiff seeks separate relief.
*363 I. The denial contained in paragraph 1 of the answer to the extent it relates to paragraph 1 of the complaint, is stricken, out, with leave to defendant to amend. Denial of knowledge or information is meaningless with respect to the allegation that plaintiff is licensed to practice medicine in this State, since it relates to official record. The denial of knowledge or information with respect to the further allegation that plaintiff maintains Ms office at the building operated by the corporate defendant is likewise sham.
II. Paragraph 5 of the complaint alleges that the codefendant was at the times in concern an employee, agent or representative of the corporate defendant, was in charge of the premises involved, and exercised supervision over the superintendence thereof. Paragraph 3 of the answer demes the allegations of paragraph 5 of the complaint except that the codefendant has been engaged as an independent contractor in the management of the premises herein involved. The qualified denial which is an appropriate response to the allegation of representation tends to clarify the issues. (Montval v. Munson S. S. Line, 146 Misc. 334.) This branch of the application is denied.
III. Paragraph 7 of the complaint alleges that one, Mario Marino, and his wife, Catherine Marino, were at the times in concern employed by the corporate defendant as building superintendents of the premises where the slander occurred. Paragraph 5 of the answer denies such allegations but admits that Mario Marino has performed services in connection with the maintenance of the building. Defendant now admits that both Marinos are its employees. The admission contained in paragraph 5 of the answer fails to embrace the times involved in the complaint. This branch of the application is granted, with leave to amend.
IV. The first defense alleges that the codefendant Miller is engaged in business as an independent real estate management concern, was retained by defendant as an independent contractor over which it has no control or direction, and that the conduct of such business is for the sole benefit of the codefendant. While such a defense may be provable under a general denial, yet it should be permitted to stand as an appropriate clarification of the issue. It is sufficiently stated, save for the fact that the allegations deemed to be true lack a further allegation that would render them applicable to the allegations of the complaint as to the occurrences and the times thereof. It is to be noted that all the slanders are imputed to the corporate defendant through the codefendant. It is unnecessary to deny the slanders for the defense resists the charge, not by demal thereof, but rather *364 by special denial of authority or representation. The first defense is stricken out for the reason stated, with leave to replead.
V. The second defense repeats the first defense and alleges further that the conversations and directions emanating from the defendant Miller, as alleged in the complaint, occurring on August 3 and August 8, 1956, were not within the scope of his authority or employment and that the conversations referred to in paragraph 20 of the complaint were conducted by the codefendant in his own interest, not in behalf or in representation of the corporate defendant or to advance its interests. This defense is good despite its probable provability under the denial. (Murray Oil Products v. Hanover Fire Ins. Co. 261 App. Div. 809.) The defect appearing in the first defense is here supplied. This branch of the application is denied.
VI. The third defense pleads truth. The slanders alleged in paragraphs 10, 17 and 20 of the first, second and third causes respectively are separate, and properly the subject of separate causes, but the words in each instance are the same, and different words comprise the claimed slander of the fourth cause of action. The third defense refers to the words spoken as alleged in paragraphs 10 and 24 of the complaint. Plaintiff contends the failure to refer to paragraphs 17 and 20 renders the defense a partial defense at best. If, as alleged, the slander set forth in paragraph 10 is true, the answer is complete as to the first, second and third defenses, as well as to the fourth. The question remains whether truth has been properly set forth. The slander alleged in paragraphs 10, 17 and 20 of the complaint relates to suspension of plaintiff from practice for two and a half years, fraudulent manipulation of insurance claims, lack of interest in patients, and interest only in money he can make from the patients. The slander alleged in paragraph 24 charges plaintiff is not competent, is not interested in his patients, and seeks only the money he can get from them. The defense alleges that plaintiff has been suspended and had advised and conducted unnecessary operations against the best interests of certain of his patients. The question tendered is whether the defense is as broad as the charge or whether the matters pleaded in the defense would produce a different impact in the mind of one hearing it than the words spoken as alleged in the complaint. It appears, apart from the pleading, that the suspension, which endured for six mouths, arose because of plaintiff’s aid in medical practice rendered to one not licensed to practice. The material facts should be set forth as to the time and duration of the suspension, of the cause thereof and the ultimate *365 material facts of plaintiff’s service to himself and against the interests of his patients. The third affirmative defense must fail because a plea of truth as justification must be as broad as the alleged slander “and must establish the truth of the precise charge therein made ”. (Crane v. New York World Tele., 308 N. Y. 470, 475; White v. Barry, 288 N. Y. 37; Bingham v. Gaynor, 141 App. Div. 301, affd. 203 N. Y. 27.) The third defense is stricken out, with leave to replead.
VII. This item is alternative to item 6, and since the third defense is stricken out, item 7 is not passed upon, save as reference has been made to the defects of the third defense. It may be noted that the allegations of paragraph 22 of the answer are unnecessary to a statement of the third defense.
VIII. The fourth defense alleges privilege, in that defendant employed the Marinos and was under duty to protect and advance their interests. It was in relation to Mrs. Marino as plaintiff’s patient that the occasion for the utterances arose and the words were spoken in the performance of such duty and in furtherance of the interests of the employees, in the belief of their truth, and without malice. Privilege does not go to truth but rests upon claimed belief therein. The source of information and grounds for belief are essential to a statement of belief in truth, and in the absence thereof a statement of belief is conclusory. The necessary allegations are lacking. However, the fact that the utterance was made to a neighbor who, as the complaint alleges, referred Mrs. Marino, defendant’s employee, to plaintiff does not necessarily render the privilege abused and therefore insufficient. "Whether the person to whom the communication was addressed is a total stranger, rendering the privilege abused, should be left to the jury. There is otherwise sufficient statement of relationship between defendants and the Marinos to warrant the maintenance of the defense if it is corrected as indicated. The fourth defense is stricken out, with leave to replead.
IX. The first partial defense in mitigation rests on the repeated allegations relating to the codefendant’s representation and authority, of truth and of privilege. If it is found the corporate defendant did act through the codefendant with conferred authority, no partial defense can arise, and so also if it is found that the defendant is chargeable with the codefendant’s acts. If the defense of truth is not established, it cannot serve as a partial defense, unless a partial defense is properly set forth stating which of the statements contained in the utterances are claimed to be true. The allegations relating to privilege are either true or false, and in neither event can they serve as a *366 partial defense. The statement of the first partial defense adds nothing to the preceding defenses. It is stricken out, with leave to replead a partial defense of truth if the defendant is so advised.
X. The second partial defense alleges that prior to the utterances defendant became aware of the truth thereof, that plaintiff had been suspended and that on at least one occasion had needlessly performed operations, to the physical and financial detriment of the patient. Section 338 of the Civil Practice Act makes no reference to the need for statement of the sources of information and grounds for belief, but the Appellate Division has held such statement essential (Meyers v. Huschle Bros., 273 App. Div. 107). Such statement is lacking and for that reason the second partial defense is stricken out, with leave to replead.
XI. This item is alternative to item X, which has been granted, and therefore item XI is not passed upon.
An amended answer should be served, and is directed to be served within 10 days from service of a copy of this order with notice of entry, in which the defendant may amend to the extent leave has been granted.