Vincent A. Ltjpiano, J.
Defendants move for dismissal of the complaint for legal insufficiency. They are charged with libel. Defendants urge that the publications relied on do not reflect upon and injure the reputation of the plaintiff in its corporate business and in the absence of allegation of special damage each cause is insufficient. It is quite true that since a libel cannot be said to impugn the character of a corporation, the publication must be calculated to affect directly the corporate business and property to be actionable as libel per se. The publication, subject of the first cause of action, stated, among other things, that “he (referring to Cadillac) turned to a colored worker and informed him that all ‘ colored people were yellow, ’ ’ ’ and further that the plaintiff ‘ ‘ began to amass a number of Catholic clergy in efforts to put pressure on the ACTU and demoralize the spirit of the workers. Priests in Brooklyn, Manhattan and New Jersey were contacted.”
In the second cause of action, it is complained that the publication stated that “ The Association of Catholic Trade Unionists charged yesterday that the secretary-treasurer had been arrested last yeek as an outgrowth of efforts to free a group of Brooklyn workers from the rule of a racket union ’ ’.
*871 These are matters capable of considerable and wide incitement and which must be regarded as sufficient to warrant maintenance of the action as to each cause as one based on libel per se. As to the defendant association, however, there is lacking an allegation of authorization or of ratification by the membership of the acts of which plaintiff complains. The motion is granted dismissing each cause of action as to the defendant association, and it is otherwise denied with leave to plaintiff to serve an amended complaint within 20 days from service of a copy of this order with notice of entry.