Matthew M. Levy, J.
The- plaintiff is a corporation engaged in the business of packing and shipping trucks, automobiles and heavy machinery for export. Early in 1959 a labor dispute developed between the plaintiff and Local 1205 of the Internal *198 tional Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, a labor union representing the plaintiff’s employees. On March 19,1959, the controversy culminated in a strike against the plaintiff. In the March, 1959 issue of The Labor Leader, an organ of the Association of Catholic Trade Unionists (ACTU), an allegedly defamatory article and photographs were published accusing the plaintiff, and its officers and representatives, of unfair and illegal labor practices and acts. This suit is for libel against the defendant association and certain of its officers and employees individually.
There are two causes of action. The subject matter of the article in the ACTU publication and the accompanying photographs constitutes the plaintiff’s first count. As a second cause, the plaintiff alleges that the defendants induced and procured, and supplied the material for, the publication of a news article in The New York Times of April 13, 1959, which similarly allegedly charged the plaintiff and its personnel with unfair and unlawful labor dealings. The articles and photographs are attached to and made a part of the complaint.
There are denials and 10 affirmative defenses — some complete, others partial—in the amended answer. The plaintiff now moves under rules 103, 104 and 109 (subd. 6) of the Buies of Civil Practice, and under sections 241, 338 and 339 of the Civil Practice Act, to strike all of the defenses. By way of counterattack, the defendants invoke the provision in subdivision 6 of rule 109 of the Buies of Civil Practice that if, “ upon a motion made pursuant to this subdivision [to strike a defense for legal insufficiency], it shall appear that the complaint does not state facts sufficient to constitute a cause of action, the court hearing the motion may dismiss the complaint * * *, [even] in the absence of a cross-motion therefor.”
I shall first dispose of the defendants’ attack upon the plaintiff’s pleading. The defendants contend that the amended complaint is defective for failure to allege special damage, that is, damage to the plaintiff’s credit or business. The defendants argue that nothing contained in the alleged libelous articles impugns the plaintiff’s business practices or conduct whereby its credit or business could be damaged. I disagree. There are allegations of business loss and a demand for compensatory redress. Moreover, the unethical or unfair practices relating to the plaintiff, referred to in the articles and set forth therein, seem to me to be adequate to sustain a cause of action for libel per se, since the plaintiff’s conduct in business includes the management of its labor relations, which are of concern not only to the disputants but to the public, and, nowadays at least, any *199 charges in relation to a corporation’s labor relations are likely adversely to influence as well the business and trade union community which is part of the public having the claimed interest and concern in the plaintiff’s administration of its labor relations.
Furthermore, it appears that the defendants had moved to dismiss the initial complaint for legal insufficiency. This motion was denied by Mr. Justice Lupiaito (18 Misc 2d 870) as to all of the individual defendants, the court citing language from the alleged libelous articles, which were held to include ‘ ‘ matters capable of considerable and wide incitement and which must be regarded as sufficient to warrant maintenance of the action as to each cause as one based on libel per se ”. The motion as to the defendant Association was granted by my learned colleague, who dismissed the causes of action as pleaded for failure to allege authorization or ratification by the Association’s membership of the acts of which the plaintiff complained. Leave was granted to the plaintiff to serve an amended complaint, which has been done, and there is now included in the amended complaint (the pleading before me) the allegation absent from the first complaint.
I have reviewed the amended complaint and I find that there are no changes in the present pleading substantial enough to warrant a refusal to follow the previous ruling (1 CarmodyWait, New York Practice, p. 57), even were I inclined to do so. I hold that where, as here, the motion to dismiss the original complaint was denied, and where, also as here, the amended complaint is not substantially different from the pleading which gave rise to the earlier determination, the principle of the “ law of the case ” is applicable and I am bound by the decision of my learned colleague (cf. Fried v. Lakeland Hide & Leather Co., 14 Misc 2d 305, 308). However, the principle does not, I think, apply to the instant motion of the defendant Association, since the original complaint was dismissed upon the ground of a specific defect, now remedied. That defendant is now entitled to attack the amended complaint upon any valid ground. Nevertheless, as I have said, I have studied the new pleading, and I hold that, on the merits, it states facts sufficient to constitute the causes of action pleaded therein.
Accordingly, the defendants’ application to dismiss the respective causes of action in the amended complaint upon the ground of legal insufficiency is denied, and I shall now undertake a study of the motion-in-chief—the plaintiff’s application to strike the several defenses contained in the amended answer. For the purposes of this discussion the defenses may be enumerated as follows: As to both causes of action, (1) a complete defense *200 of justification on the basis of truth. As to the first cause of action, (2) a complete defense of fair comment and criticism; (3) a complete defense of qualified privilege; (4) a partial defense of justification on the basis of truth, as mitigation; (5) a partial defense of justification in that there was careful investigation, as mitigation. And, as to the second cause of action, (6) a complete defense of justification on the basis of truth; (7) a complete defense of fair comment and criticism; (8) a complete defense of qualified privilege; (9) a partial defense of justification on the basis of truth, as mitigation; and (10) a partial defense of justification in that there was careful investigation, as mitigation.
■ The notice of motion invoking rule 103 fails to specify any particular parts or paragraphs of the answer „to which the plaintiff objects and which it moves to strike as sham, frivolous, irrelevant, redundant, repetitious, unnecessary, impertinent or scandalous. Nor does the argument in its support make any reference to those specific paragraphs or parts thereof deemed objectionable. This phase of the application is directed to the answer as a whole. I hold that the motion to strike in pursuance of rule 103 is, therefore, not properly grounded (Schwartz v. Marjolet, Inc., 214 App. Div. 530; see, also, last clause of Civ. Prac. Act, § 280).
The plaintiff’s motion to strike the answer in pursuance of rule 104, in that it is sham or frivolous, may—indeed, must — be an attack upon the answer as a whole. Affidavits may properly be used by the plaintiff in contending that the defenses are sham (Rules Civ. Prac., rule 104, last sentence; Tenth Annual Report of N. Y. Judicial Council, 1944, pp. 305, 313). But if any part of the answer is good, the motion must fail (Gise v. Brooklyn Soc. for Prevention of Cruelty to Children, 262 N. Y. 114).
The thrust of this phase of the plaintiff’s motion is the alleged substantive lack of merit of the .defenses. The plaintiff challenges the reliability of the defendants’, sources of information —■ disgruntled, discharged employees — and asserts that the defendants knew the truth; the plaintiff further contests the truth of the defendants’ published statements. I do not, on tills submission, agree with the contention that either party — or for that matter the court itself—has any monopoly on the truth. Who is to say that the defendants’ sources of information, where stated, are more unreliable and biased than the plaintiff’s?
‘1 ‘ Sham ’ matter is matter which is good in form but false in fact, and which is so demonstratively false as to leave no *201 reasonable doubt in the mind of the court as to its falsity. * * * A commonplace synonym for the word ‘ sham ’ would be 1 fake. ’ A defense is sham when it is so clearly false in fact that it does not in reality involve any matter of substantial litigation ” (4 Carmody-Wait, New York Practice, p. 754). The burden here is upon the plaintiff, as the moving party, to establish that the defenses are sham (Liberty Investing Corp. v. Huntington Investing Corp., 224 App. Div. 867, affd. 251 N. Y. 525). In my view, the plaintiff has in no way sustained this burden.
The plaintiff also invokes section 241 of the Civil Practice Act, which provides that a ‘ ‘ pleading shall contain a plain and concise statement of the material facts, without unnecessary repetition, * * * but not the evidence by which they are to be proved ”. It is well, on the issue thus raised, to direct attention to two other pertinent provisions of the Civil Practice Act — sections 338 and 339. Under the latter section, “ the defendant may prove, at the trial, facts [although] not amounting to a total defense, tending to mitigate or otherwise reduce the plaintiff’s damages, if they are set forth in the answer ”. And since, under section 338, “ the defendant may prove [emphasis supplied] mitigating circumstances, including the sources of his information and the grounds for his belief ”, it is obvious to me that he may plead such circumstances in his answer. In my opinion, section 241 must be read in the light of the nature of the action and the nature of the defenses pleaded thereto. With these factors in mind, I do not find that the defenses as pleaded are vulnerable to the attack now being-considered.
What remains of the plaintiff’s motion, although not insubstantial, is the objection that the defendants’ 10 defenses are legally insufficient (Rules Civ. Prae., rule 109, subd. 6). I shall consider each of these defenses separately.
(1) The complete defense of justification on the basis of truth, to both causes of action. Justification, which is here a plea setting- up the truth of the libelous accusation, is “ a complete bar to the action; an absolute, unqualified entire defense ” (Seelman, Law of Libel and Slander in State of New York, § 170). It is an elementary principle of law that the justification pleaded in the defense must be as broad as the alleged libel pleaded in the complaint (Seelman, op. cit., § 171).
It should be noted that the two articles relied on as defamatory are quite lengthy, particularly the first, that not all of the statements contained in either article are libelous, and that only some of the many statements claimed to be false are set forth in the *202 complaint. Nevertheless, the plaintiff argues that the facts set out in the defense as truthful do not embrace all of the statements in the libelous articles and, therefore, that the defense is not as broad as the charge. But, in my view, it is not the defendants’ obligation to identify what it is that the plaintiff believes to be defamatory. Insofar as the plaintiff makes specific selection in the complaint (and in its brief, but served, of course, after answer) and comparing the defense as pleaded in the answer with the charges as presented by the plaintiff, it is found that the defense of truth is as broad as the charge. And the legal requirement that the claimed justification must be as ‘ ‘ broad ’ ’ as the alleged libel, does not necessarily mean that every reference to the plaintiff’s activities in an article must be shown to be true. Moreover, there is no requirement that truth must be pleaded in the very words in which falsity is charged (Cafferty v. Southern Tier Pub. Co., 226 N. Y. 87) or that truth must be pleaded specifically as to each false statement charged, whether material or not (cf. Civ. Prac. Act, § 261, subd. 1). The “test is whether the libel as published would have a different effect on the mind of the reader from that which the pleaded truth would have produced.” (Fleckenstein v. Friedman, 266 N. Y. 19, 23.) That test has been met.
The language of paragraph “ Eighth ” of the amended answer —which is a part of this defense—is that “ the words set forth in the Complaint herein allegedly published by the defendants were true ” (emphasis supplied). Assuming that the defendants need not do more than interpose a general assertion of truthfulness (see 53 C. J. S., Libel and Slander, § 177, pp. 278-279, as to the conflict among, or the distinction made by, the authorities on this issue), the defendants have not in paragraph “Eighth” pleaded an adequate general defense of truth. In my view, truth, when pleaded generally as a defense, must not only be directed to the naked “words” used, but also to the fair implications of the claimed libelous article. I gather that the defendants themselves recognize this because, in paragraphs “Ninth” through “Seventeenth” of the amended answer — the remaining portions of this defense — they have specifically set forth relevant facts which they allege to be the truth.
I hold that, if the defense now under scrutiny were addressed solely to the first cause of action, it would be legally sufficient. But it is expressly interposed “ as and for a first separate and distinct and complete defense to [both of] the alleged causes of action ”, and it must, as such, be declared insufficient pleading. For the defendants fail to plead specifically, in any of the allegations of this separate defense, the truth of any of the statements *203 charged as false by the plaintiff in paragraph 18 of the amended complaint, which is a part of the second cause.
It should be noted that the defendants do properly plead justification on the basis of truth as a separate and complete defense to the second cause in a later portion of their amended answer. The defendants must, therefore, either rehead their first defense as applying only to the first count, or must properly plead justification of the second cause of action, in which case the complete defense of justification, interposed to the second cause, would have to be eliminated as repetitive and unnecessary (Civ. Prac. Act, § 241). The plaintiff’s motion to strike the first defense is, therefore, granted, with leave to the defendants to serve an amended answer accordingly within 20 days from the service of a copy of the order hereon with notice of entry.
(2) The complete defense of fair comment and criticism to the first cause of action. The plaintiff relies on Shenkman v. O’Malley (2 A D 2d 567) and Dolcin Corp. v. Reader’s Digest Assn. (7 A D 2d 449) in seeking to strike this defense. Both cases stand for the proposition that comments on opinions, rather than on facts truly stated, cannot qualify as the basis for the defense here interposed. Nevertheless, the plaintiff’s motion to strike the defense is denied. The reasons underlying this determination are simple.
In the instant case, the defendants allege, and obviously intend to prove at the trial, that any opinions expressed were based on facts truly stated and not on bald assertions of belief. The import of the support to this defense is that, while there are certain expressions of opinion in the articles, which, standing alone, might be libelous, all the facts stated therein are true, and, therefore, when the expressions of opinion are taken together with the facts as thus truly stated, that would constitute fair comment on these facts (Foley v. Press Pub. Co., 226 App. Div. 535, 543). “ This averment is quite different from a plea of justification of a. libel on the ground of truth, under which the defendant has to prove not only that the facts are truly stated but also that any comments upon them are correct ” (Sutherland v. Stopes [1925], A. C. 47, 63). The comments alone might be false and defamatory, but they are justified because of grave public concern and because the right to publish is indispensable to the exercise of freedom (Seelman, Law of Libel and Slander in State of New York, § 231).
The elements of this defense have been stated in Foley v. Press Pub. Co. (supra, p. 544): “In order that defeasible immunity may attach to a publication purporting to be fair comment on a subject of public interest, it must be (1) a com *204 ment, (2) based on facts truly stated, (3) free from imputations of corrupt or dishonorable motives on the part of the person whose conduct is criticised, save in so far as such imputations are warranted by the facts truly stated, and (4) the honest expression of the writer’s real opinion. (Gtatley, Libel & Slander, 371, 379; Bower, Defamation, 114-117.) ” Of course, it is for the jury to determine which parts of an article are factual and which parts are statements of opinion. (Foley v. Press Pub. Co., supra, p. 545.)
The plaintiff argues that the defense as here' pleaded is bad because it is “ not based on truly stated facts ”, and that “ the facts ” could readily have been ascertained from officers of the-plaintiff. I have already expressed my view, in considering that phase of the plaintiff’s motion which invoked rule 104 of the Rules of Civil Practice, that the defendants are not obligated as a matter of law to seek their information from any one source." The issue as to whether the defendants’ expressions of opinion were honest and real — and thus fair comment — can, on the basis of the sources of their information, be ultimately resolved only by the trier of the facts (Kelley v. Hearst Corp., 2 A D 2d 480, 481-482).
Comments, to be available as a defense, must relate to a matter or person of public interest, concern, importance or affair (Seelman, op. cit., § 246; Foley v. Press Pub. Co., supra, pp. 547-548). It should be noted in passing that in the amended complaint, the plaintiff charges, inter alla, that the defendants, by means of the alleged libels, have damaged the plaintiff’s business and have demoralized, undermined and disgraced it in the eyes of its customers, employees, and the public in general. Query, whether the plaintiff has not already assented to the view that the matter is one of public interest, sufficient to form a basis for a “ comment-and-criticism ” defense? In any event, the defendants, in their amended answer, correctly attempt to justify their interposition of this defense by allegations that “ the plaintiff’s actions and conduct with respect to the treat-. ment of its employees before and during the work stoppage was [were?] a matter of great public interest and concern, and related to a public affair of high importance to the well being of the citizens and inhabitants of the City of New York, as well as of the Nation generally”. (The plaintiff mistakenly treats these allegations as supporting the defense of justification, instead of as properly supporting the defense presently under discussion.) Since the defendants have pleaded the truth of the facts relied on, since the expressions of opinion are fair comment on the facts alleged, and since, in connection there *205 with, it is properly set forth that the matters of comment are of public interest, this defense will, as I have said, be permitted to stand. ___
(3) The complete defense of qualified privilege to the first cause of action. The defense admits" in substance that the libel is false, but that it was communicated without malice by the defendant to a third party because of some occasion or relationship that made it proper (Seelman,' op. cit., § 248A). A qualified privilege protects one who, in his utterance, has a legal, social or moral obligation to others who are interested in having that obligation discharged. It has long been recognized that this defense is available in respect of certain communications — such as letters of reference by employers, reports of title searching companies to applicants, petitions to governing bodies, bulletins of a corporation to its stockholders, and things of a like nature (Seelman, op. cit., §§ 257-265). But it is equally clear law that the qualified-privilege does not extend to communications made to the publiiLgenerally (Bingham v. Gaynor, 203 N. Y. 27, 32-33).
It is obvious that The Labor Leader is a newspaper of wide and varied circulation, including many persons other than members of the Association of Catholic Trade Unionists and even including many owners of and employers in a variety of industries. Its statement of policy appears on the masthead, where it is noted that it reports 11 labor news in the light of Catholic social thought”. No limitation on the type of reader that the periodical is designed to appeal to is even suggested. There is no requirement that a subscriber be a member of the ACTU to enable him to receive the publication and, in fact, a form in the newspaper merely requires the submission of a name and address in order to obtain a yearly subscription. In the light of these facts, the allegations in paragraphs 21-23 of the amended answer, to the effect that the publishers of The Labor Leader have long “ had a deep interest in promoting just, moral and equitable relations between management and labor ’ ’, that its readers have a similar interest, and that the alleged libelous article was published to further this common interest, cannot support, either legally or logically, the defense of qualified privilege. The high ideals and motives of the defendants in this regard must be commended, but their legal position herein cannot be supported. Accordingly, the plaintiff’s motion to strike the defense of qualified privilege, contained in paragraphs 20-24 of the amended answer, is granted.
(4) The partial defense of the justification of truth, as mitigation to the first cause of action. The plaintiff urges that this *206 and the other partial defenses, as pleaded in the answer, are hut limited repetitions of complete defenses. But I hold that this-is not a defect. Such defenses are available to a defendant in mitigation of damages.
Where (as I have held is the situation in the case at bar) the publication is libelous per se, special damages need not be alleged by the plaintiff (New York Soc. for Suppression of Vice v. Macfadden Pub., 260 N. Y. 167)! It is well-settled law that a plaintiff’s recovery may be reduced by proof of facts which tend but fail to prove fully the truth of the libelous charges (Fleckenstein v. Friedman, 266 N. Y. 19, 24, supra). This is equally true of compensatory as well as punitive damages (Crane v. New York World Tel. Corp., 308 N. Y. 470, 479) and true of a corporation as well as of an individual (First Nat. Bank v. Winters, 225 N. Y. 47, 52). Section 339 of the Civil Practice Act provides in effect that justification of part of a libelous article might tend to reduce damages, and so constitute a partial defense, and since, in the case at bar, this partial defense of justification of truth goes to particular charges in the claimed defamatory publication, and tending, even if failing, to prove the whole truth in mitigation, it is sufficient for a partial defense of truth in mitigation. I hold, therefore, that a plea in justification (if properly pleaded) may be realleged as a partial defense in mitigation of damages.
It is my view, however, that the present plea of justification is not adequately pleaded. Section 338 of the Civil Practice Act provides in part, that ‘ ‘ the defendant may prove mitigating circumstances, including the sources of his information and the grounds for his belief ”. Specifically alleging sources of information and grounds of belief appears to be permissive because of the use of the word ‘ ‘ may ’ ’. In 1931 the Appellate Division, Third Department, in Goodrow v. New York American (233 App. Div. 37) so held, although the court stated that the plaintiff was entitled, if he so desired, to be informed of such sources and grounds — presumably by means of a bill of particulars. A later ruling by the Appellate Division, First Department (Meyers v. Huschle Bros., 273 App. Div. 107) held, however, that a statement in the answer of the sources of information and the grounds of belief was essential, in order to show absence of actual malice (see, also, as to the Second Department, Weisberger v. Condon, 285 App. Div. 827, motions for reargument or leave to appeal denied 285 App. Div. 894).
I find that such definitive allegations are not pleaded by the defendants in this defense. The alleged visit of a group of the plaintiff’s employees to the defendants’ offices prior to the *207 strike obviously constitutes only a partial source of information, and even as to this source, no grounds are stated for the defendants’ belief in these sources sufficient to negate actual malice. Nor is the conduct of an investigation by the defendants, although in good faith, which revealed certain facts, as pleaded by the defendants, an adequate disclosure of the sources of such facts. This defense is, therefore, stricken, with leave to the defendants to replead.
(5) The partial defense of justification in that there was careful investigation, as mitigation to the first cause of action. The defendants may plead a careful investigation of the charges, that they believed in their truth, and that they published them without malice (McDonald v. Press Pub. Co., 174 App. Div. 463, 466-467; Seelman, op. tit., § 470). But, subsequent to 1916, when the McDonald case was decided, the rule in the Meyers case (273 App. Div. 107, supra) was enunciated and must now be considered as an additional controlling factor in determining a legally sufficient pleading. Here again, although the defendants make some attempt to specify the sources of their information, obtained during the course of their investigation by alluding to a meeting between some of the defendants and representatives of the plaintiff and of the trade union involved, there is no definiteness as to what information was learned from which sources, and it is obvious that additional sources should be alleged. Moreover, no grounds of belief are set forth. This defense, therefore, is also stricken, with similar leave to replead.
(6) The complete defense of the justification of truth to the second cause of action. With the admonition of the court in mind as to probable repetitiveness if the first complete defense is repleaded as to both causes of action, the plaintiff’s motion to strike the present defense for legal insufficiency under subdivision 6 of rule 109 of the Buies of Civil Practice is denied for the reasons stated in my discussion as to the first defense (see subd. [1] of this opinion).
(7) The complete defense of fair comment and criticism to the second cause of action. For the reasons stated in my discussion under subdivision 2 of this opinion, this branch of the motion — to strike the present defense—is likewise denied.
(8) The complete defense of qualified privilege to the second cause of action. For the reasons stated in my discussion under subdivision (3) of this opinion, the plaintiff’s motion to strike this defense for legal insufficiency is also granted. The discussion therein as to The Labor Leader, the publication of the defendant Association of Catholic Trade Unionists, has, quite naturally, even more force and effect when applied to The New *208 York Times and the availability of the greater numbers of the public that are its readers (cf. Metropolitan Life Ins. Co. v. Knickerbocker Broadcasting Co., 172 Misc. 811, 814).
(9) and (10) The partial defenses of justification of truth and of careful investigation, as mitigation to the second cause of action. For the reasons stated in my discussion hereinbefore, under subdivisions (4) and (5), the plaintiff’s motions to strike the defenses now involved are also grantéd, with similar leave to the defendants to replead.
An order has been signed and entered disposing, as herein-before indicated, of the plaintiff’s motion to strike the defenses and of the defendants’ application to dismiss the amended complaint.