JOHN J. DE LURY et al., Plaintiffs, *v.* JERRY WURF et al., Defendants.

Supreme Court, Special Term, New York County, May 21, 1962.

594

*Morris Weissberg* for plaintiffs. *Brown, Cross & Hamilton* (*E. Douglas Hamilton* and *Donald G. McCabe* of counsel), for defendants.

IRVING H. SAYPOL, J. This is a motion to strike all the defenses in the answer as legally insufficient. The dispute basically is between rival unions and the action is grounded on five separate causes of action in libel — four in behalf of the plaintiff union's president individually, and one in behalf of the union itself.

The defenses interposed fall into four categories: (1) a combined plea of truth and fair comment; (2) a plea of qualified privilege arising from a common interest in a particular subject matter; (3) partial defenses in mitigation of damages based on the two afore-mentioned defenses; and (4) partial defenses in mitigation based on reliable sources of information and grounds for belief (Civ. Prac. Act, § 338).

The printed material which constitutes the subject of this action appeared in two separate publications, the *Public Employee Press,* an organ of District Council 37 of the American Federation of State, County and Municipal Employees, AFL-CIO, and the *San Man,* the official publication of Sanitationman Local 322, American Federation of State, County and Municipal Employees, and generally, commented on the competence, responsibility, integrity, honesty, etc. of the leadership of the plaintiff union and particularly, the individual plaintiff De Lury, its president, in allegedly defamatory fashion.

I. COMBINED DEFENSE OF TRUTH AND FAIR COMMENT:

In answer to plaintiff's charges defendant asserts the truth of the statements insofar as they include factual averments, and insofar as they contained comments, criticism or expressions

of opinion, that they were within the permissible area of fair comment. This is often referred to as the "rolled up plea" in defamation actions (*Foley* v. *Press Pub. Co.*, 226 App. Div. 535; *Dolcin Corp.* v. *Reader's Digest Assn.*, 7 A D 2d 449). Plaintiffs attack this defense basically on the ground that it fails to allege that each one of the alleged libelous statements was true, and insofar as fair comment is concerned, it fails to allege the facts on which the comments were based.

The difficulty of application of this defense to specific situations has been judicially recognized (*Foley* v. *Press Pub. Co.*, *supra*). However, this is no ground for rejection of "a principle based upon sound reasoning and justice in determination of a claim of libel with respect to public affairs" (p. 544).

Looking to the defense itself, defendants allege the truth of their remarks and bolster it with additional evidentiary allegations apparently to show justification for their publication and a basis for comment.

The publications in question are not instances of objective factual news reporting, but consist mainly of editorials and feature items which by definition intermingle fact and comment so that distinguishment between the two is difficult. Labor union activities are recognizably in an area of public interest, thus they invite criticism and such criticism, although defamatory, may be immune from prosecution so long as it is not made *solely* for the purposes of causing harm (3 Restatement, Torts, § 608).

In the instant case, from the text of alleged defamations, the editorial devices used, and other relevant circumstances, it is more appropriately within the province of the trier of the facts, rather than Special Term, to determine ultimately what portions of the printed matter were comment and what were statements of facts (*Foley* v. *Press Pub. Co.*, *supra*, p. 546). The defenses, therefore, must be deemed sufficient.

II. DEFENSES OF QUALIFIED PRIVILEGE:

The defense of qualified privilege is generally available where circumstances are such as to lead those having a common interest in a particular subject matter correctly or reasonably to believe that facts exist which should be called to the attention of others sharing that common interest (Restatement, Torts, § 596). All factions here involved are concerned with labor conditions in the public service field, particularly insofar as sanitationmen are concerned.

Union rivalry in and of itself does not constitute a basis for for the defense of qualified privilege (*Tonelli* v. *Osman*, 54 N. Y. S. 2d 793). However, where as in the instant case, the

answer pleads that the pertinent publication went only to the membership of the labor organizations involved, it *prima facie* sets up a proper defense since defendants are privileged to address communications to its members and affiliates on matters of union welfare and common interest (*Lubliner* v. *Reinlib*, 184 Misc. 472). This is in direct contrast to the situation in *Aacon Contr. Co.* v. *Herrmann*, 27 Misc 2d 197 [MATTHEW M. LEVY, J.], affd. 10 A D 2d 818). There, the newspaper in question was found to have a " wide and varied circulation " beyond the group affected with the common interest (p. 205).

III. THE PARTIAL DEFENSES OF TRUTH AND FAIR COMMENT AND PRIVILEGE:

Since these are available as complete defenses, they are sustained as partial defenses in mitigation of damages (*Cheatum* v. *Wehle*, 5 N Y 2d 585).

IV. THE PARTIAL DEFENSES BASED ON SECTION 338 OF THE CIVIL PRACTICE ACT (information from reliable sources):

It is asserted that this partial defense must be stricken since the sources of the information relied on are not pleaded. Defendants controvert this argument by claiming that this information is obtainable by use of pretrial devices such as a bill of particulars. Defendants' position, however, is not in accord with the rule established in this Department, which requires that the sources of information be specifically pleaded (*Meyers* v. *Huschle Bros.*, 273 App. Div. 107; *Wenger* v. *Carledjon Realty Corp.*, 7 Misc 2d 361; *Aacon Contr. Co.* v. *Herrmann, supra*).

Accordingly, the motion is granted to the extent of striking the third partial defenses to each of the five causes of action, and otherwise denied. As to the stricken matter, defendants have leave to replead within 20 days of the service of a copy of this order.