■ MANUEL RAMOS, Respondent, v. EL DIARIO PUBLISHING COMPANY, INC., et al., Appellants.— Order entered on February 28, 1962 granting plaintiff's motion to strike affirmative defenses as legally insufficient pursuant to subdivision

6 of rule 109 of the Rules of Civil Practice unanimously affirmed insofar as appealed from, with $20 costs and disbursements to respondent. Leave is granted to defendants to replead the stricken defenses within 10 days after service of the order herein with notice of entry. The action is for libel. The first complete defense, although containing the necessary elements of the "fair comment" defense, is so prolix and so burdened with irrelevant matter as to merit repleading. Since defendants will have to replead in any event, Special Term's disposition in this respect should not be disturbed. The second complete defense, alleging that the publication was a fair and true report of a judicial or official proceeding is likewise insufficient since the allegedly libelous matter is not on its face confined to describing and characterizing actions occurring during any judicial or official proceeding (Civ. Prac. Act, § 337). The first and third partial defenses are also insufficient because they fail to define the sources upon which defendants relied in believing the alleged libel to be true (Civ. Prac. Act, § 338; *Meyers* v. *Huschle Bros.*, 273 App. Div. 107, 109; *Aacon Contr. Co.* v. *Herrmann*, 27 Misc 2d 197, 206–207 [LEVY, M. M., J.]). It is essential that defendants' sources be described with some particularity, since the nature of the sources may affect the sufficiency of the defenses. It is not enough to allege merely generally that there were trustworthy sources. The names of individuals who provided the information relied upon, although not essential, may properly be included in the pleading. Concur — Botein, P. J., Breitel, Valente, Steuer and Bergan, JJ.