IRVING I. ERDHEIM et al., Judgment-Creditors-Respondents, *v.* ELIZABETH K. MABEE, Judgment Debtor. CITY BANK FARMERS TRUST COMPANY, as Cotrustee under the Will of THOMAS J. RYAN, Deceased, Third-Party Appellant, et al., Third Party.

VAN VOORHIS, J. (dissenting). This appeal involves the power of the courts of New York to garnishee the income from a testamentary trust created by a will probated in the District of Columbia. The judgment debtor, who is the income beneficiary, apparently resides in Los Angeles, California. There are two trustees, one being the executive officer of St. Clara College, who resides in Wisconsin where St. Clara College is located, and the other being City Bank Farmers Trust Company, which manages the investment portfolio of the trust in New York City subject to the concurrence of the cotrustee in Wisconsin.

The trust is administered subject to the laws of the District of Columbia, under control of its court by which the will was probated, and before which the trustees will be required to account. This order for a garnishee execution was made by the New York State Supreme Court, purporting to act under section 684 of the Civil Practice Act, and directs the trustees to deduct and pay over $10 of the income to plaintiff. They are ordered to do so in their capacity as officers of the court which granted them the power to act, in accordance with the laws of whose jurisdiction they must administer their trust and to which they must render their account.

Jurisdiction of this nature is not generally assumed except by the courts of the State or other governmental unit to which the trustees are accountable. (See opinion by Mr. Justice STEUER in *Taylor* v. *Taylor*, N. Y. L. J., June 12, 1951, p. 2175, col. 3, and cases cited, including *Squier* v. *Houghton*, 131 Misc. 129, and *Everhart* v. *Provident Life & Trust Co.*, 118 Misc. 852.) Even apart from the circumstance that the cotrustee in Wisconsin has not been and cannot be served with the garnishee order, as it requires, if the order be correct garnishee executions could be duplicated by being issued in several jurisdictions against the same testamentary trust simultaneously. A garnishee execution could be issued here, notwithstanding that there might already be one outstanding in the District of Columbia. Whether such an execution was already in operation, was not even inquired into in granting this order in New York State.

Where, as here, the trustees act as officers of the court which appointed them, and to which they must account, the laws and public policy of that State or jurisdiction should control. Not section 684 of the New York State Civil Practice Act, but whatever corresponding law exists in the District of Columbia should prevail and be exclusive. Otherwise there would be no assurance that the trustees might not be surcharged upon the judicial settlement with disbursements made contrary to the law and policy of the jurisdiction superintending the accounting.

The order appealed from should be reversed and the judgment creditor's application should be dismissed, without prejudice to renewal in the District of Columbia.

Peck, P. J., Dore and Shientag, JJ., concur in decision; Van Voorhis, J., dissents and votes to reverse in opinion in which Glennon, J., concurs.

Order affirmed, with $20 costs and disbursements to the respondent. Settle order on notice. [See 280 App. Div. 759.]