Matthew M. Levy, J.
This is the second action commenced by the plaintiff against the defendant, a foreign corporation. In this action, as in the prior suit, the defendant appeared specially and moved to vacate service of the summons upon the ground that there was lack of jurisdiction of the person of the defendant. By order dated November 27, 1956, Mr. Justice Di Falco granted the defendant’s motion in the first action and dismissed the complaint. In his opinion, my learned colleague rested his determination on three grounds: (1) that the defendant concededly was not authorized to do business in this State and that the plaintiff had failed to present evidentiary facts to establish that the defendant was engaged in business here; (2) that the plaintiff had failed to prove the required attempted compliance with the provisions of subdivisions 1 and 2 of section 229 of the Civil Practice Act, prior to making the service of process under attack; and (3) that there was no proof that the person served was, as claimed by the plaintiff, the managing agent of the defendant corporation. (See 14 Misc 2d 208.)
In the instant action, service was made upon the defendant’s president — thus eliminating the second and third bases for Judge Di Falco’s holding. The motion to vacate came on *307 before Mr. Justice Lynch, who made an order, dated July 31, 1957, by which the defendant’s application was “ granted to the extent of designating ” an “ official referee, to take proof and report with his opinion as to whether the corporate defendant at the time of service was doing business within the State of New York so as to make it amenable to the jurisdiction of this court. Final disposition will be held in abeyance pending the coming in of the referee’s report.” Prior to the commencement of the hearing on the reference, the defendant applied by letter to Mr. Justice Lynch for leave to move for reargument, contending that the court had overlooked the decision of Mr. Justice Di Falco, that nothing new had occurred or was shown to exist from and after the time of the first suit, motion and order, and that Mr. Justice Di Falco’s decision was therefore controlling and required the granting of the defendant’s motion. Prior to the time when the request for reargument could be acted upon by him, Mr. Justice Lynch unfortunately passed away. The defendant, by way of a de novo application, now moves before me to vacate the service of process.
Let me say, at the outset, that the circumstance that an application for reargument was presented to Judge Lynch and not decided by him does not justify moving before me anew — as if there had been no motion before, or order thereon made by, Mr. Justice Lynch. I know of no authority or rule or tradition of practice which permits a party to present a motion de novo because he was not accorded an opportunity to reargue the original motion which resulted in a decision to which he objected. (On the contrary, of Platt v. New York & Sea Beach Ry. Co., 170 N. Y. 451, 458; Willard v. Willard, 194 App. Div. 123.) If the decision is immediately appealable, the aggrieved party has his remedy. Since the order in question was in a sense intermediate, in that it directed a reference to obtain information to aid in the ultimate determination of the motion, it was probably not appealable (Appelbaum v. Perlmutter, 2 A D 2d 894; Ambassador Realty Co. v. Nicolay, 1 A D 2d 972; Stock v. Mann, 233 App. Div. 18; People ex rel. Keator v. Moss, 6 App. Div. 414). But, appealable or not, the order of reference still remains an order of the court and cannot be ignored.
That which was yet to be done in the matter of Mr. Justice Lynch was not, of course, merely administrative or ministerial, since it was necessary for him to determine, after he received the Referee’s report, whether or not to vacate the service of process (Marshall v. Meech, 51 N. Y. 140). The instant case, therefore, is readily distinguishable from my recent decision in *308 Matter of New York State Labor Relations Bd. v. America Marble Co. (13 Misc 2d 877). It may seem, in consequence, that the situation comes hut to this: In the first action, Mr. Justice Di Falco had vacated the service without a hearing. On the other hand, in the present action, Mr. Justice Lynch had concluded that a hearing was necessary for appropriate disposition. And it is quite clear that the facts presented by the parties in their respective affidavits were substantially the same before both of my learned colleagues — as they are before me. What, then, to do?
The parties have pressed upon me the binding application of the rule of “ stare decisis ”— each citing the determination of one or the other of my learned colleagues and urging me that I must let that decision stand. Under the rule of stare decisis, as properly understood, a principle of law which has become settled by a series of authoritative decisions is a precedential precept which should generally be followed by the courts. It is obvious that that rule is not applicable to this case. I conceive that what the parties seek to urge are really the doctrines of ‘1 the law of the case ’.’ and of ‘ ‘ res judicata ’ ’, and I shall proceed accordingly.
The principle of the “ law of the case ” is at times a helpful, but always a sensitive, judicial instrumentality. Its purpose is to avoid the retrial of issues already determined in the same case. It is well recognized that it is “ limited in application— at least, insofar as intermediate or interlocutory determinations are concerned — to a tribunal of co-ordinate jurisdiction ”, which this is in respect of the rulings made by Mr. Justice Di Falco and Mr. Justice Lynch (Rager v. McCloskey, 305 N. Y. 75, 78). The function of the application of the principle of res judicata is also to preclude the readjudication of matters previously disposed of in actions between the same parties. But, while it is not. so delicate a judicial device, it, too, has its well-established limitations.
I am not persuaded, as urged by the defendant, that Judge Di Falco’s decision on the earlier motion, vacating the service of process, is binding upon me. Neither the tenet of the law of the case nor of res judicata applies. I hold that my learned colleague’s decision is not the law of the case because his determination, while in a controversy involving the same parties, was not in the same action (Carmody, New York Practice - [7th (Forkosch) ed.], § 62, p. 72). Nor has that issue (that is, of the defendant’s doing business in this State so as to make it amenable to the service of process) been already *309 adjudióated by Mr. Justice Di Falco so as to forbid independent inquiry and determination, for the reason that my learned colleague’s decision of dismissal was not upon a negative finding on that point alone, but upon several grounds, each equally effective to support the result (cf. 2 Freeman, Judgments [5th ed.], § 769, p. 1633; Lewis v. Ocean Nav. & Pier Co., 125 N. Y. 341).
And I hold that the order of Mr. Justice Lynch directing the taking of proof by the Referee on that issue is not such a determination as would require me to direct a reference,. under the thesis of law of the case or of prior adjudication. The intermediate nature of the interlocutory decision made by my late learned colleague deprives it of the force necessary to have the binding effect of either principle adverted to (cf. Bannon v. Bannon, 270 N. Y. 484, 490; see, also, Prashker, New York Practice [3d ed.], § 134, p. 235).
But that is not to say that I may consider the matter de novo, as requested by the defendant. For Judge Lynch’s order, albeit intermediate, is an order nevertheless and has not spent its force as such. My learned colleague died, but the order he made lives on. Nothing prevents the parties from proceeding under that order. The hearings on the reference may still be had. It is true that, in his decision directing a reference, Judge Lynch stated that his final disposition of the application to vacate service would be held in abeyance pending the coming in of the Referee’s report. But, in my view, that did not vitiate that part of his order in which Judge Lynch designated an Official Referee to take proof and report with his opinion on the factual question in issue. Whether a foreign corporation is or is not amenable to service of process in this State is a matter of law, to be determined on the facts submitted. An issue of that kind is presumably to be decided the same way by any Justice of the court before whom the issue may be presented. It is not a matter for the Judge to decide on the basis of discretion (cf. Matter of Gehr v. Board of Educ. of City of Yonkers, 304 N. Y. 436, 440). As such, the Referee’s record of the testimony taken before him, and even his opinion, as requested by Mr. Justice Lynch, would affect the ultimate determination as to vacatur of the service of process in a manner no different before another Judge. I hold, therefore, that so much of Judge Lynch’s order as directs a reference stands, even though he is not himself able to pass upon the product of that reference.
I have not been cited, nor have I been able to find, any authoritative precedent dictating a contrary holding. And my view, *310 I think, is in keeping with the recognized trend in the disposition of court business to avoid, where possible, waste in the administration of the judicial process. For, let us suppose that, in pursuance of Judge Lynch’s order directing a reference to hear and report, the proceedings before the Referee had been commenced and concluded, that there was considerable expenditure of time, funds and effort in the preparation for and the conduct of the hearings before the Referee, and that, prior to the time when the Referee had reached his conclusion as to the proposed recommendations to Judge Lynch, my learned colleague was called to his final reward. Is it to be said that all that has been done before the Referee is to come to naught Í I think not. Yet, for me to permit, in such circumstances, the making of an application anew to vacate the service of process, and to seek to dispose of the matter on the papers alone or to direct a reference anew, would be a waste, if not, indeed, a manifest injustice. Giving due effect, on the other hand, to-Judge Lynch’s order would permit me — or any other Justice duly presiding at Special Term — to have the benefit of the adversary testimony presented to the Referee and of his recommendations. It is obvious that the defendant’s contention that Judge Lynch’s directive had become functus upon his death would necessarily apply with equal force in the supposititious case as in the present case — where the hearings before the Referee had not been commenced. In consequence, logic requires that the ruling be the same in each instance. And that ruling is that the defendant is not free to move de novo (which it has sought to do by the present application before me) since the motion before, and the order made by, Mr. Justice Lynch, did not fall in its entirety.
That is my determination, but I deem it appropriate, before I close, to add a further note. Judge Lynch died prior to September 1, 1958, and the defendant’s instant motion came before me prior to that date. By legislative enactment, effective September 1, 1958, chapter 425 of the Laws of 1958 inserted a new section into the Civil Practice Act. That section, numbered 79-a, reads as follows: “ § 79-a. Effect of death of judge or justice following a verdict, report or decision. The death of a judge or justice following his verdict, report or decision upon any issue, motion, question or any other matter in an action or proceeding properly before him shall not impair or affect the validity of such verdict, report or decision; and any other judge or justice of such court may, on the application of a party to such action or proceeding, give effect to such verdict, report or *311 decision and make and sign an appropriate order or judgment based thereon, which order or judgment shall have the same force and effect as if it had been made by the judge or justice making the verdict, order or decision upon which it is based.” Whether or not, in view of the chronological facts and the statutory language, this amendment applies to the instant situation, it is not necessary for me to determine. For, in any case, I hold that the motion before me is, and would be, inappropriate. It is, therefore, dismissed, without prejudice to the parties’ proceeding with the reference in pursuance of Judge Lynch’s order.