Matthew M. Levy, J.
From the obfuscating mass of irrelevancies, statements, repetitions, arguments and conclusions presented in these voluminous papers, I have gleaned the following material facts:
The defendant Arbeau, Inc., the corporate alter ego of the individual defendants, was the owner of certain residential real estate in Manhattan. (The other defendants are not interested in the present motions and are not hereinafter referred to.) It was duly mortgaged to the plaintiff’s assignor. Default ensued. The defendants claim that the value of the property is $200,000. The amount of the mortgage indebtedness, $90,000 in round figures, and nonpayment thereof are conceded. This action was instituted to foreclose. The action proceeded, in normal course, to judgment in the plaintiff’s favor. By that judgment, a Referee was appointed to sell. The time of the sale was fixed for March 13,1959.
Thereafter, by separate requests or motions made by the defendants, to afford them an opportunity to make financial arrangements to redeem the property, the sale was adjourned to March 20, to April 21, to May 13, 1959. The defendants then presented another application to the court, returnable May 13, in which they requested that, at the time of sale, the property be knocked down to them on a bid of the amount due the plaintiff, and that the sale be adjourned for a brief period to enable the defendants to assemble the sum required. The resettled order of Mr. Justice Tilzeb, dated May 26, 1959, and entered on the motion for this relief, fixed the date of sale as June 1, and provided that the defendants may bid for the property in an amount due the plaintiff, with interest, costs and the expenses of the sale, and that, if the defendants or their representative pay to the Referee a deposit of 10% of that sum and execute the “Terms of Sale,” the Referee shall accept such bid and knock the property down to the defendants or their representative. By stipulations, the sale was thereafter further adjourned to June 2, to June 3 and to June 5, 1959. These stipulations, among other things, provided that no further or other adjournment is to be had, requested or applied for, and that if the defendants should bid for the premises, the amount of the bid should not'be less than $101,500, so as to satisfy fully the mortgage debt, interest, costs and expenses of the sale, referred to. in Judge Tilzeb’s order.
The Referee duly conducted the sale at the time and place specified. The defendant Arbeau bid thereon in the amount required, and the auctioneer knocked the property down to it. Arbeau then and there paid the 10% deposit (or it was paid by *911 another on Arbeau’s behalf) and Arbeau agreed in writing (subjoined to the document known as the “ Terms of Sale ” signed by the Referee) that it “ purchased the premises ” for the sum of $101,500 and did “ promise and agree to comply with the terms and conditions of the sale ’ ’. One of these was that “ [t]he residue of said purchase money will be required to be paid to the said Referee office No. 40 Wall Street, Room 5603, City of New York, on or before July 7th, 1959, at 2:00 o’clock p.m., when and where the said Referee’s deed will be ready for delivery. ”
Immediately upon the bid of the defendant Arbeau, and the execution of the terms of sale by the defendant Arbeau, it executed and delivered the following writing to the Referee, contained on the reverse side of the document known as the “ Terms of Sale ”:
"June 5,1959
For value received, the within bid, and all right, title and interest thereunder are hereby assigned to 33 Gramercy Park South Corp. of 138 E. 27 Street, New York N. Y.
Arbeau Inc.
By Arthur A. Beaudry President ”
The 10% deposit above referred to appears to have been paid by the assignee with the receipt therefor taken in the assignor’s name.
The parties were informed that the Referee was going abroad at the end of June, and he did. It appears that he executed the usual foreclosure Referee’s deed prior to his departure and delivered it to the plaintiff’s attorneys, to be held pending the payment due under the terms of sale. On consent of the plaintiff and the defendants’ assignee of the contract of sale, the closing was postponed to July 16,1959, when title finally closed, full payment was received, and the deed was delivered, with the assignee, 33 Gramercy Park South Corp., as the grantee. At the time of the closing, the grantee, in return for a substantial cash loan to effectuate the purchase from the Referee, mortgaged the premises to Win jay Realty Co. The Referee was not present at the time of the closing. The cash paid by the grantee on the closing was deposited to the Referee’s credit on account in this action. He filed his report of sale on July 31,1959.
While no exceptions, qualifications or conditions are contained in the assignment from Arbeau to Gramercy, it appears that a separate agreement had been entered into between them, in effect giving Arbeau an option to repurchase the bid from Gramercy upon stated terms within a specified period. Arbeau *912 did not repurchase the bid, and, as I have said, pursuant to the express language of the assignment thereof, the Referee’s deed was made and delivered to Gramercy, who thus obtained conveyance of the property. However, the defendants continued to occupy and control the premises and have refused to vacate. Instead, they moved by order to show cause to cancel the deed from the Referee to Gramercy, the mortgage from Gramercy to Winjay and the closing and settlement of the Referee’s contract on July 16, 1959, on the ground that what was done during the absence of the Referee from the jurisdiction was void, that the defendants were deprived of the opportunity of applying to the Referee for an adjournment of the closing so as to obtain the necessary financing to consummate the transaction in their own direct behalf, that the assignment and the concomitant arrangements between Arbeau and Gramercy were in effect a mortgage and not a sale of the indefeasible right to the fee, that the financial aid from Winjay had been arranged for by the defendants for their own benefit and unlawfully taken advantage of by Gramercy and that the entire transaction was steeped in overreaching, if not in fraud, participated in by the plaintiff, Gramercy and Winjay and their attorneys.
Accordingly, the defendants ask the court to deny confirmation of the Referee’s report of sale, and that the transfer of title at the closing be voided in its entirety and that the time of closing be further extended, or, in the alternative, that a sale he directed de novo, with all postjudgment proceedings begun anew, including advertising. When this application first came on before the court at Special Term, Gramercy and Winjay appeared specially on the ground that neither was a party to the foreclosure action. The objection to the court’s summary jurisdiction was sustained (Gbeexberg, J.), and the “motion-in-chief ” was restored to the Motion Calendar. That motion is now before me for determination. And, thereafter, Gramercy applied by notice of motion to obtain an order requiring the Sheriff to deliver possession of the property to Gramercy and to remove the defendants therefrom. That application for a writ of assistance is also before me for disposition.
There is no claim of fraud or invalidity in connection with the proceedings in the action or in respect of the judgment of foreclosure. No objection is made to the entry of judgment, the direction for sale, the appointment of the Referee to conduct the proceedings antecedent the auction and sale, or the setting down of the premises for sale as in the foreclosure judgment provided. The only attack upon the proceedings insofar as the Referee is concerned is that the final closing was held in his *913 absence. In my view, the contention is without merit, and on several grounds.
First, the fact that the Referee was not available so that these defendants might have asked him for a further adjournment is immaterial, since they were no longer parties to the sale, having, by assignment absolute in form, transferred their rights to the bid to another. Although by separate agreement as between the parties to the assignment, the transfer might be defeasible or the bid required to be reassigned or the title in the assignee be subject to the claimed equities of the defendants, that cannot affect the consummation of the foreclosure sale in accordance with the absolute assignment.
Secondly, if the defendants still had appropriate status in the premises and desired to obtain a further adjournment, they might, in the absence of the Referee, have applied directly therefor to the court and their failure to do so was their choice. The Referee was but an officer and representative of the court (Woolf v. Leicester Realty Co., 134 App. Div. 484, 486; Mullins v. Franz, 162 App. Div. 316, 318), and his absence or incapacity would not denude the court of its power to pass upon such request.
Thirdly, it is not in the least unusual, and there is nothing irregular, in real estate sales and purchases being closed, after contract, and in accordance with its terms, in the absence of the principals. It suffices if the title is good, if the needed documents are in order and delivered and if the required cash is available and paid. While I have been favored with, and have found, no precedent in point, it seems to me that there was no more necessity for the Referee to be personally present at the closing than it would have been for a vendor in any ordinary transaction. In this aspect of the matter, as I see it, the Referee is but a normal vendor. His presence at the closing may be helpful, and his absence (if anything goes wrong as a result thereof) may be at his personal risk. But I hold that it is not legally necessary as a condition to the validity of the closing that the ultimate acts of delivery of the papers and the receipt of the consideration, in pursuance of the terms of the foreclosure auction sale, be done by or in the personal presence of the Referee.
Controverted questions, deserving serious thought and consideration, are involved between these defendants and the ultimate purchaser at the sale. But these are matters between them, the parties to the assignment (which, as I have pointed out, was absolute on its face), and would be collateral to the closing as between the Referee and the assignee. (Cf. Forest *914 Hill Cemetery Assn. v. Sullivan, 235 App. Div. 269.) As has hereinbefore been noted, Gramercy and Win jay — the assignee and its mortgagee — who were and are not named as parties to the foreclosure action, were made respondents by the defendants on this application to vacate the sale and closing, and this court (Greenberg, J.) held that jurisdiction was not had over these respondents in pursuance of the order to show cause obtained on the defendants’ application. The defendants argue that I should not follow Judge Greenberg’s holding. This contention must be rejected, without going into the merits of that determination. For it is the law of the case so far as I am concerned (Mount Sinai Hosp. v. Davis, 8 A D 2d 361, 362-363; Dried v. Lakeland Hide & Leather Co., 14 Misc 2d 305, 308).
The defendants argue also that, since the assignee, Gramercy, has subsequently sought a writ of assistance in this action, it has thereby submitted to the jurisdiction of the court in this action, and therefore Judge Greenberg’s decision is no longer binding upon me. I need not resolve that question either, for the assignee’s mortgagee, Winjay, has coneededly not subjected itself to the court’s jurisdiction in this action at any time since its objection thereto was sustained; it has not applied for any writ or any other relief. I have held that the absence of the Referee at the time of the closing did not taint the deed as a matter of law. In the circumstances of this case, and in the exercise of discretion (Hale v. Clauson, 60 N. Y. 339, 341), I have concluded not to pass upon the factual issues raised. For it is quite plain that the rights of all of the parties can better be determined in a plenary action when they all unquestionably will be before the court rather than now. Moreover, based as this motion is, on conflicting affidavits, and on the consequent necessity of having a full hearing herein before me or a Referee, with witnesses examined and cross-examined in open court, an action in law or equity, affording the same opportunity, is an appropriate substitute.
Accordingly, the motion by the defendants is denied without prejudice to the institution of a plenary suit against those who, the defendants charge, have acted fraudulently or have failed to carry out the terms of their bargains in respect of the assignment and the financing.
Now, as to the motion by Gramercy, the grantee at the foreclosure sale closing, to remove the defendants from possession of the property. As stated hereinbefore, collateral issues have arisen, and they require a separate plenary action for adequate disposition. In such action the matters in dispute will be *915 decided. However, in the meantime, Gramercy — the present owner under the foreclosure sale — should not be denied its right to possession. Therefore, the motion for a writ of assistance is granted, but the execution thereof is stayed upon the condition that the defendants (1) pay $1,250 per month in advance for use and occupancy, and not as tenants, of the premises in question, while they remain therein, and (2) give a surety company undertaking that they will not make any change or commit any damage or suffer any waste in the premises in the meanwhile.
Upon failure to make the payment or furnish the undertaking within five days after the service of a copy of the order to be entered hereon, with notice of entry, the stay will be vacated. In any event the stay is to expire within 60 days after the service of a copy of the order hereon, with notice of entry (Mykap Realty Corp v. Goodman, 5 A D 2d 780). That will be sufficient time within which the defendants, if so advised, may institute a plenary suit, with all the appropriate parties before the court, and proceed diligently to obtain adequate relief therein.